UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSE FISCAL BELLI, Petitioner,

v. Civil Action No. 3:26-cv-741-DJH

SAMUEL OLSON, Chicago Field Office Director, Immigration and Customs Enforcement et al., Respondents.[1]

* * * * *

**MEMORANDUM AND ORDER**

Petitioner Jose Fiscal Belli, a noncitizen currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention by immigration authorities violates the Due Process Clause of the Fifth Amendment. (D.N. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 3), and they have submitted briefing setting out their respective legal arguments (D.N. 5; D.N. 6). After careful consideration, the Court will grant Belli's petition for the reasons explained below.

**I.**

Belli is a native and citizen of Mexico. (D.N. 5-1, PageID.216) He entered the United States as a minor, near Nogales, Arizona, on or about September 26, 2010. (D.N. 1-3, PageID.45) On October 1, 2010, he was detained by law-enforcement authorities in Virginia, Minnesota. (*Id.*, PageID.43) He was released on his own recognizance the same day. (D.N. 1-5, PageID.50) When he failed to appear for an immigration hearing shortly thereafter, he was ordered removed. (D.N.

[1] The petition incorrectly names respondent Sam Olson as Director of the Chicago Field Office of U.S. Immigration and Customs Enforcement (ICE). (Docket No. 1, PageID.1) Pursuant to Federal Rule of Civil Procedure 25(d), the Court will order that the docket be modified to substitute Frank Padula as Director of the Chicago ICE Field Office.

1-6, PageID.55) He alleges that the hearing "notice was not properly delivered to him, as his parents had control of his immigration documentation." (D.N. 1, PageID.7 ¶ 20) Belli continued to live in the United States for the next sixteen years (*id.*, PageID.6 ¶ 20) and took steps to clarify his immigration status (*id.*, PageID.7 ¶ 21). On July 21, 2026, he was detained by immigration authorities following a traffic violation. (*Id.* ¶ 23) He remains detained at the Oldham County Detention Center in La Grange, Kentucky. (*Id.*, PageID.8 ¶ 24; D.N. 1-14, PageID.128)

Belli seeks a writ of habeas corpus against the Chicago ICE Field Office Director, Department of Homeland Security Secretary Markwayne Mullin, U.S. Attorney General Todd Blanche, Acting Director of U.S. Immigration and Customs Enforcement David Venturella, and Oldham County Jailer Jeff Tindall. (D.N. 1, PageID.1) He received a bond hearing on September 9, 2026, and was denied bond. (D.N. 1-16, PageID.133) Belli alleges that his detention violates due process under the Fifth Amendment. (D.N. 1, PageID.30–31 ¶¶ 79–84) Specifically, Belli asserts that his due process rights have been violated on the grounds that (1) at his bond hearing, the burden of proof was placed on him rather than on the government (*id.*, PageID.10–14 ¶¶ 30–37); (2) the immigration judge failed to sufficiently explain her order denying bond (*id.*, PageID.18 ¶ 51, PageID.23–24 ¶¶ 64–66); (3) the immigration judge was biased (*id.*, PageID.25–26 ¶¶ 69–71); and (4) as a matter of law, the evidence offered by the government at the bond hearing could not have supported the immigration judge's conclusion that Belli was a flight risk (*id.*, PageID.18 ¶ 49, PageID.24 ¶ 65). He seeks immediate release.[2] (*Id.*, PageID.24–26 ¶¶ 67–72) The respondents argue that the Court lacks jurisdiction over this case (D.N. 5, PageID.210–

[2] In the alternative to immediate release, Belli seeks a new bond hearing "before a neutral adjudicator other than Immigration Judge Kelly Johnson, at which the government bears the burden of establishing, by clear and convincing evidence, that Petitioner's continued detention is justified and that any risk identified by the government cannot be adequately mitigated by appropriate conditions of release." (D.N. 1, PageID.27 ¶ 73)

12) and that no due process violation has occurred because Belli has not yet exhausted the remedies available to him (*id.*, PageID.208–10).

**II.**

**A. Jurisdiction**

Pursuant to 8 U.S.C. § 1226(e),

> [t]he Attorney General's discretionary judgment regarding the application of [8 U.S.C. § 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). Thus, "district courts do not have jurisdiction to review discretionary decisions made by an [immigration judge] regarding bond." *Marroquin v. Noem*, No. 26-45-DLB, 2026 WL 575222, at *3 (E.D. Ky. Mar. 2, 2026) (quoting *Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025)); *see Nielsen v. Preap*, 586 U.S. 392, 401 (2019). Specifically, the Court lacks jurisdiction to consider claims that challenge the immigration judge's "weighing [of] the evidence" and "raise[] quintessentially factual arguments about the [immigration judge's] decision." *Marroquin*, 2026 WL 575222, at *4 (citing *Nielsen*, 586 U.S. at 401).

Respondents argue that "8 U.S.C. § 1226(e) bars the Court from reconsidering the immigration judge's discretionary decision to deny bond." (D.N. 5, PageID.211) However, federal "courts may review 'whether the bond hearing itself satisfied the Fifth Amendment's guarantee of procedural due process.'" *Rugama-Arauz v. Warden of Monroe Cnty. Jail-Dorm*, No. 26-CV-11444, 2026 WL 3002631, at *1 (E.D. Mich. Oct. 6, 2026) (quoting *De Leon Trejo v. Bullock*, No. 26-5186, 2026 WL 2057094, at *2 (6th Cir. May 14, 2026)). The Court may accordingly consider whether the bond hearing Belli received satisfied due process. *See Villarreal v. Smith*, No. 05-74880, 2008 WL 324240, at *10 (E.D. Mich. Feb. 5, 2008) (quoting *Milton v. Wainwright*, 407 U.S. 371, 377 (1972)) ("Federal courts review habeas petitions 'for violation of federal

constitutional standards.'"); *cf. Alarjani v. Bullock*, No. 2:26-CV-03163-SHL-TMP, 2026 WL 3062866, at *2 (W.D. Tenn. Oct. 13, 2026) (noting that § 1226(e) does not prohibit federal courts from reviewing the constitutionality of bond denial).

**B. Exhaustion of Remedies**

Respondents argue that Belli should exhaust administrative remedies by appealing the immigration judge's decision to the Board of Immigration Appeals. (D.N. 5, PageID.208–10) The appeal deadline was October 9, 2026. (D.N. 1-16, PageID.134) It is unclear from the record whether Belli timely appealed the immigration judge's decision (*see* D.N. 5, PageID.208; *see also* D.N. 6, PageID.224); in his petition (filed before the appeal deadline had passed), Belli stated that he "ha[d] not appealed the bond denial because it would be futile to do so, given that he is seeking to vindicate his constitutional rights." (D.N. 1, PageID.8–9 ¶ 26)

Because "there is no applicable statute or rule that mandates administrative exhaustion" here, the Court may exercise its discretion as to whether exhaustion should be required. *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612, 619 (W.D. Mich. 2026) (citing *Shearson v. Holder*, 725 F.3d 588, 593–94 (6th Cir. 2013)). District courts in the Sixth Circuit apply the three-factor test set out in *United States v. California Care Corp.*, 709 F.2d 1241 (9th Cir. 1983), in deciding whether to require exhaustion. *See Soto-Medina*, 817 F. Supp. 3d at 619. Under that test, a court may require exhaustion when

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id.* at 619–20 (citing *California Care Corp.*, 709 F.2d at 1248).

Here, whether Belli's bond hearing violated due process is "principally a legal question" that does not require agency consideration. *Id.* at 620. Moreover, waiving exhaustion would not encourage the deliberate bypass of administrative review because Belli's petition raises constitutional claims regarding the adequacy of his bond hearing (D.N. 1, PageID.30–31 ¶¶ 79–84), and "the BIA cannot review constitutional challenges." *Soto-Medina*, 817 F. Supp. 3d at 620 (citing *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006)); *cf. Garcia v. Hyde*, 817 F. Supp. 3d 112, 125 (D.R.I. 2025) (concluding that claims contesting immigration judge's determination of flight risk during a bond hearing "ultimately raise[] a constitutional challenge"). For the same reason, administrative review would not preclude the need for judicial review under the third *California Care Corp.* factor. *See Soto-Medina*, 817 F. Supp. 3d at 620. Accordingly, the Court will waive exhaustion and consider Belli's petition. *See Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *3–4 (W.D. Ky. Nov. 4, 2025) (citation omitted) (waiving exhaustion where the petitioner did not appeal his decision); *see also Picado v. Hyde*, No. 26-cv-065-JJM-PAS, 2026 WL 352691, at *4–6 (D.R.I. Feb. 9, 2026) (waiving exhaustion where it was "unclear from the record whether [the petitioner] ha[d] appealed"); *Kashyap v. Lewis*, No. 4:26-cv-567-DJH, 2026 WL 3218655, at *1–2 (W.D. Ky. Oct. 27, 2026) (waiving exhausting where the "[r]espondents argue[d] that [the petitioner] should be required to exhaust administrative remedies by seeking custody redetermination under § 1226(a)").

**C. Due Process**

Belli received a bond hearing on September 9, 2026, where he was denied bond. (D.N. 1-16, PageID.133) Belli alleges that his due process rights were violated because, at his bond hearing, the immigration judge placed the burden of proof on him rather than on the government.

(D.N. 1, PageID.10–14 ¶¶ 30–37) The respondents argue that the burden of proof was rightly placed on Belli at the bond hearing. (D.N. 5, PageID.197–201)

"During a bond hearing, the immigration judge must determine that the noncitizen poses a flight risk based on clear and convincing evidence." *Singh v. Hott*, No. 4:26-cv-256-DJH, 2026 WL 1880217, at *5 (W.D. Ky. June 30, 2026) (citing *Soto-Medina*, 817 F. Supp. 3d at 627–29). District courts within the Sixth Circuit—including this Court—"have found that the government bears the burden of proving that the noncitizen presents a flight risk." *Id.* (collecting cases); *see also Kashyap*, 2026 WL 3218655, at *3 n.2 ("In any such [bond] hearing, 'the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence.'" (quoting *Halstead v. Putra*, No. 1:26-cv-2591, 2026 WL 3002481, at *2 (W.D. Mich. Oct. 6, 2026))). It is undisputed that these standards were not applied at the bond hearing Belli received. (D.N. 1, PageID.13 ¶ 34; D.N. 5, PageID.192) Thus, Belli's bond hearing was constitutionally inadequate, as the burden of proof should have been placed on the respondents. *See Singh*, 2026 WL 1880217, at *6 ("Because . . . the immigration judge erroneously placed the burden of proof on [the petitioner], the bond hearing was constitutionally inadequate and violated [the petitioner]'s due-process rights."); *Graterol Guedez v. Raycraft*, No. 26-11285, 2026 WL 1696650, at *4 (E.D. Mich. June 11, 2026) (finding that the "[p]etitioner's bond hearing violated his Fifth Amendment due process rights" where the burden of proof was placed on him).

Belli further asserts that the immigration judge failed to sufficiently explain her order denying his bond. (D.N. 1, PageID.18 ¶ 51, PageID.23–24 ¶¶ 64–66) In making a bond determination, an immigration judge "must sufficiently explain their reasoning to permit appellate or judicial review of their decision." *Garcia*, 817 F. Supp. 3d at 120 (citing *Mayancela Mayancela v. FCI Berlin*, No. 25-CV-348-LM-TSM, 2025 WL 3215638, at *6 (D.N.H. Nov. 18, 2025)). While

the immigration judge "need not discuss ad nauseam every piece of evidence," they "may not simply ignore substantial testimonial and documentary proof." *Barnica-Lopez v. Garland*, 59 F.4th 520, 530 (1st Cir. 2023) (quoting *Pan v. Gonzales*, 489 F.3d 80, 87 (1st Cir. 2007)). In short, the immigration judge must give "reasoned consideration to the evidence as a whole, [make] supportable findings, and adequately explain[] [their] reasoning." *Id.* (quoting *Pan*, 489 F.3d at 87).

Here, the immigration judge's explanation for the denial of bond was simply that "[Belli] is a flight risk." (D.N. 1-16, PageID.133) While the order states that the bond determination was reached "[a]fter full consideration of the evidence presented" (*id.*), there is no indication as to the factors considered or the specific evidence relied on. (*See generally id.*) "The [immigration judge] did not provide even a minimal articulation of the basis of her decision. She simply stated in mere conclusory fashion that Petitioner was a flight risk. That is not an individualized assessment." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 557–58 (D.N.J. 2026) (discussing cases). A conclusory, one-sentence denial that is silent as to the evidence considered is the kind of "rubber stamp" decision that courts across the country have found constitutionally deficient. *See, e.g.*, *id.* at 558; *Rodriguez v. Greene*, No. 4:26-cv-0333, 2026 WL 574961, at *12–13 (N.D. Ohio Mar. 2, 2026) (finding that petitioner's continued detention without an individualized bond hearing violated due process under the *Mathews v. Eldridge*, 424 U.S. 319 (1976) factors); *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *4 (D. Colo. Apr. 22, 2026) (finding an immigration judge's bond order "plainly deficient on its face" because it was "wholly bereft of any analysis whatsoever."); *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026) (finding "an absence of the individualization required by due process" in a two-sentence bond decision). In

sum, "[Belli]'s bond hearing . . . did not comport with the minimal requirements of due process because it was not individualized." *Lopez*, 830 F. Supp. 3d at 1373–74.

Because the immigration judge placed the burden of proof on Belli and not on the government, and because the immigration judge's order was impermissibly perfunctory, Belli is unlawfully detained.[3] *See Singh*, 2026 WL 1880217, at *6 (finding a habeas petitioner's bond hearing "constitutionally inadequate" because "the immigration judge erroneously placed the burden of proof on [the petitioner]"); *see also Zheng*, 826 F. Supp. 3d at 557–58 (discussing cases where the immigration judge's order was insufficiently detailed). The Court will therefore order his immediate release. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention." (emphasis omitted)); *Kashyap*, 2026 WL 3218655, at *3 (ordering immediate release); *Perdomo Amaya*, 2026 WL 2873809, at *2 (same).

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Belli's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Belli, and, in the event he is arrested and re-detained, to provide him with a bond hearing before a neutral Immigration Judge in accordance with 8

---

[3] In light of this conclusion, the Court need not address Belli's arguments that the immigration judge was biased (D.N. 1, PageID.25–26 ¶¶ 69–71) and that the government presented inadequate proof (*id.*, PageID.18 ¶ 49, PageID.24 ¶ 65). *See Perdomo Amaya v. Bullock*, No. 3:26-CV-01341, 2026 WL 2873809, at *2 (M.D. Tenn. Sep. 24, 2026) (granting a habeas petition after finding a violation of procedural due process without addressing the petitioner's other constitutional arguments).

U.S.C. § 1226(a).[4] Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **November 25, 2026**.

(2) The Clerk of Court is **DIRECTED** to modify the record of this matter to reflect that Frank Padula, not Sam Olson, is the Director of the Chicago Field Office of U.S. Immigration and Customs Enforcement.

(3) Upon receipt of the notice of compliance, this matter will be **CLOSED**.

November 23, 2026

**David J. Hale, Chief Judge**
**United States District Court**

[4] In any such hearing, "the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence." *Halstead*, 2026 WL 3002481, at *2; *see also Singh*, 2026 WL 1880217, at *5 (citing *Soto-Medina*, 817 F. Supp. 3d at 627–29 (discussing cases)).